LOUIS H. JACOBS vs. GERMAN WORKINGMEN'S ASSOCIATION.

Suffolk.    November 19, 1902. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract*, Construction.

The instrument here declared on, shown to have been signed, sealed and issued by authority of the defendant, an incorporated workingmen's association, was held to be in substance and legal effect a promise under seal to pay to the plaintiff $100 in five years from its date, or sooner at the option of the defendant, upon the surrender of the instrument.

CONTRACT, upon an instrument in writing under seal, for $100 with interest thereon at the rate of five per cent per annum from October 6, 1894. Writ in the Municipal Court of the City of Boston dated November 15, 1900.

On appeal to the Superior Court the case was tried before *Richardson*, J. The instrument declared on was as follows: " No. 66 *a*. German Workingmen's Association Arbeiter-Lie-dertafel Von Boston. $ One hundred, $100. From Louis H. Jacobs for and on account of the ' Arbeiter-Halle,' voted to be erected by the above-named organization, said sum to be repaid to the above-named or order within five years from date, when-ever, in the opinion of the society, the business of the said Arbeiter-Halle will permit, and on surrender of this receipt to the president of the Society. Interest 5 % per annum. Boston, Mass., October 6, 1894. German Workingmen's Association, incorporated October, 1890. Henry Schroeder, Pres., Emil Gurke, Sec'y, Louis Steinhardt, Treas." [Seal.]

Evidence, which is referred to by the court, was introduced by the plaintiff. The defendant offered no evidence; but objected to the instrument in suit, that it was not a bond, that it had not been issued under authority of the corporation, and that it had not been authenticated.

The judge ordered a verdict for the defendant, and by agree-ment of the parties reported the case for determination by this court. If the jury would have been warranted in finding for the plaintiff upon the evidence, or upon such evidence as was ad-

mitted properly, the plaintiff was to have judgment for $100 and interest; otherwise, judgment was to be entered on the verdict.

*F. H. Stewart*, for the plaintiff.

*F. P. Curran*, for the defendant.

HAMMOND, J. In the consideration of this case it is to be borne in mind that the instrument upon which the action is based was framed by persons who manifestly had only a very limited knowledge of the language in which it was written.

The defendant contends that the paper is merely a receipt. It is however more than that. It contains a promise that the sum therein stated to have been received from the plaintiff is " to be repaid to . . . [him] or order, within five years from date, whenever, in the opinion of the society, the business of the said Arbeiter-Halle will permit, and on surrender of this receipt to the president of the Society," with interest at the rate of five per cent per annum. It is under the seal of the defendant and is signed in their official capacity by the persons who are authorized by the by-laws to sign "all leases, mortgages and documents." In substance and legal effect it is upon its face a promise under seal by the defendant to pay to the plaintiff one hundred dollars in five years from its date, or sooner at the option of the defendant, upon the surrender of the receipt. Even if it be assumed that the last clause makes the promise conditional, so that it is not negotiable, still the paper is in form and substance a bond, and none the less such because conditional.

We think that the evidence would have warranted a finding that the issue of the paper was duly authorized by the defendant, or at least ratified by it. It appears that, to raise money for the purchase of the land upon which the hall was placed, a vote had been passed, in 1890, to issue bonds "at $5 apiece," with interest at five per cent per annum, and that, at a meeting held in the summer of 1894, the recommendation of a committee "to improve the hall and cover the cost by issuing bonds in the sum of $300," was adopted, and a vote was passed " to issue bonds to the sum of about $300 to cover the cost." There was evidence that the money received from the plaintiff was given to the treasurer and was used for this

purpose.   The records were kept in the German language, were quite voluminous, and the witnesses varied somewhat in translating them, but upon the whole evidence we think that the jury would have been warranted in concluding that it was the intention of the society to issue promises upon substantially the same terms as the one in controversy for the repayment of money borrowed and used as this money was, and that the officers by whom this paper was signed were duly authorized to affix thereto the seal of the defendant.

The paper so issued was binding upon the defendant, according to its terms, and there was evidence to show that the plaintiff had complied with the condition so far as to enable him to maintain this action.   We see no error as to the admission of evidence.   The plaintiff was entitled to go to the jury upon the first count.

By the terms of the report, therefore, judgment is to be entered for the plaintiff for $100, and interest, and it is

*So ordered.*